IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOEL EUGENE MILLER, JR., | § | |
| Petitioner, | § | |
| v. | § | 2:16-CV-0107 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner JOEL EUGENE MILLER, JR., a state prisoner, has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for the felony offense of aggravated assault with a deadly weapon and the resultant 20-year sentence. On September 9, 2016, respondent filed a motion to dismiss petitioner's habeas application as time barred. On October 3, 2016, petitioner filed a response opposing respondent's motion. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion should be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

### I.
### PROCEDURAL HISTORY

On April 25, 2012, in the 181st Judicial District Court of Randall County, Texas, petitioner

was charged by indictment with the 2nd degree felony offense of aggravated assault and the 3rd degree felony offense of assault by strangulation. The indictment alleged that petitioner:

> [O]n or about the 11th day of March, A.D. 2012 . . . did then and there intentionally and knowingly threaten Monique Garcia with imminent bodily injury and did then and there intentionally and knowingly use and exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury to Monique Garcia, during the commission of said assault.
>
> [O]n or about the 11th day of March, A.D. 2012 . . . did then and there intentionally, knowingly, and recklessly cause bodily injury to another, namely Monique Garcia, a person with whom the defendant has or has had a dating relationship, by impeding the normal breathing or circulation of the blood of Monique Garcia by applying pressure to her throat or neck.

*State v. Miller*, No. 23,350-B.

On March 7, 2013, petitioner, represented by appointed counsel, accepted the State's proffered plea agreement, memorialized by a written memorandum, of six (6) years deferred adjudication, a $1,500 fine, and various other terms of probation, in exchange for petitioner's guilty plea to the offenses of aggravated assault with a deadly weapon and assault by strangulation. As a result, petitioner pled guilty to and judicially confessed to committing the offenses as alleged in the indictment, pled true to the deadly weapon finding in the aggravated assault case, and applied for community supervision. Pursuant to the terms of the plea bargain, the state trial court accepted petitioner's guilty pleas, deferred adjudication of petitioner's guilt as to both offenses, placed defendant on deferred adjudication community supervision for a term of six (6) years, assessed a $1,500 fine and various other fees, and assessed community service restitution of 100 hours. The Order of Deferred Adjudication for the aggravated assault with a deadly weapon offense, filed of record on March 20, 2013, recited "Findings on Deadly Weapon: YES, NOT A FIREARM."

In November 2013, petitioner was arrested for new charges of Aggravated Assault/Domestic

Violence and Evading Arrest/Detention. On December 30, 2013, the State filed in Cause No. 23,350-B, a Motion to Revoke Order Granting Unadjudicated Probation alleging petitioner had failed to comply with six (6) conditions of his community supervision, including committing the two (2) new assault and evading arrest offenses.[1] On May 29, 2014, the State filed an amended motion to revoke alleging petitioner had committed two (2) additional new offenses as well as another violation of his community supervision. On August 27, 2014, petitioner pled true to each of the violations alleged in the State's amended motion with an agreed punishment recommendation. On that same date, the trial court granted the State's amended motion, revoked petitioner's community supervision as to his aggravated assault offense, adjudicated petitioner guilty of the offense of aggravated assault, and assessed a sentence of 20-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and a fine of $1,500.00. The trial court also revoked petitioner's community supervision as to his assault by strangulation offense, adjudicated petitioner guilty of the offense of assault by strangulation, and assessed a sentence of 10-years confinement in TDCJ to run concurrently with his 20-year sentence. On September 22, 2013, the state trial court entered a Nunc Pro Tunc Judgment Adjudicating Guilt of the aggravated assault offense to reflect an affirmative deadly weapon finding.

On September 16, 2015, petitioner filed an application for a state writ of habeas corpus alleging his original guilty plea to the aggravated assault offense was involuntary because petitioner was denied effective assistance of counsel due, primarily, to counsel's failure to properly investigate and as a result of his misadvice. In its response opposing petitioner's application, the State provided an affidavit of petitioner's trial counsel, as well as an affidavit of a witness to the aggravated assault

---

[1]The Report of Probation supporting the motion to revoke noted that during the November 2013 assault, petitioner also held a kitchen knife as he had in the March 2012 assault.

offense. On November 11, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Miller*, No. 83,973-01.

On May 25, 2016, petitioner executed the instant federal habeas application challenging his conviction and sentence and placed it in the prison mail system. The federal application was filed of record May 27, 2016.

## II.
## ALLEGATIONS

By his federal habeas application, petitioner appears to allege his aggravated assault with a deadly weapon conviction is unconstitutional because:

1. Petitioner was denied his right to effective assistance of counsel prior to his guilty plea as a result of various alleged deficiencies on the part of trial counsel;

2. Petitioner's guilty plea was involuntary as a result of counsel's ineffective representation; and

3. The evidence is insufficient to support his conviction.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## TIME BAR

On September 9, 2016, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. By his motion, respondent notes petitioner's federal habeas claims challenge the voluntariness of his guilty plea to the aggravated assault charge in 2013, the adequacy of trial counsel's representation and investigation of the charged offense prior to the entry of petitioner's guilty plea, and the sufficiency of the evidence to support petitioner's conviction. Respondent maintains petitioner's claims that his trial counsel was ineffective and his guilty pleas was involuntary attack his original plea of guilty at the time the order of deferred adjudication was entered on March 7, 2013. Respondent thus argues the limitation period began to run on the date the original order deferring adjudication became final, *i.e.*, on April 6, 2013, when the time for filing an appeal expired. Respondent contends that as petitioner's claims relate to his guilty plea, they were discoverable at least by the time his conviction became final. Respondent contends any federal habeas application petitioner wished to file had to be filed no later than April 7, 2014 to be timely

under the limitations period. Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the appropriate limitations period.

In his response, petitioner argues his judgment could not have become final while he was "still out in society on deferred probation." Petitioner contends the limitation period should have begun on August 27, 2014, the date he was assessed a 20-year sentence after revocation of his probation and adjudication. Petitioner also maintains the limitation period should be equitably tolled because he did not receive the "white card" from the Texas Court of Criminal Appeals advising him that his state habeas application had been denied. Lastly, petitioner contends that if he was not time barred on his state habeas application, "it is impossible to be time-barred by federal habeas corpus."

Petitioner has not raised any claims challenging the 2014 probation revocation proceedings, the adjudication of petitioner's guilt, or the propriety of the prison sentence assessed after revocation and adjudication. It is thus clear petitioner does not challenge the revocation of his community supervision, either the revocation itself or the final sentencing order entered after revocation. Rather, petitioner challenges only the validity of the initial proceeding which resulted in the March 7, 2013 order deferring adjudication of guilt and granting probation. More specifically, petitioner challenges only the voluntariness of his plea, counsel's failure to more thoroughly investigate prior to advising petitioner to enter a guilty plea, and the sufficiency of the evidence to support his guilty plea and conviction.

Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62

(Tex.Crim.App. 1999). For purposes of section 2244(d)(1), an order of community supervision and deferred adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005).

The state trial court entered the Order placing petitioner on deferred adjudication probation on March 7, 2013. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to file an appeal so the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on April 6, 2013. *See* Tex. R. App. P. 26.2(a)(1).

Under the AEDPA, petitioner had one year, or until April 7, 2014,[2] to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[3] Challenges to the voluntariness of the guilty plea, the adequacy of counsel's pre-trial investigation and pre-plea advice, and the sufficiency of the evidence to support his guilty plea and conviction are challenges to the original proceedings. Petitioner's post-adjudication state habeas proceedings were all filed after the expiration of the limitations period and do not provide petitioner with any statutory tolling.

Nor has petitioner demonstrated any equitable tolling is warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Again, petitioner's state habeas proceedings were initiated after the expiration of the limitations. Therefore, any failure to receive the "white card" from the Texas Court of Criminal Appeals advising of the disposition of petitioner's state habeas proceedings was also after the expiration of the limitations period and does not entitle petitioner to

---

[2] The expiration of the one-year deadline, April 6, 2014, fell on a Sunday.

[3] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

equitable tolling. Petitioner's argument that the state courts' consideration of his state habeas application rather than finding it time barred makes a time-bar finding of his federal habeas application by this Court "impossible" is also without merit. A state habeas proceeding and a federal habeas proceeding are separate actions, the first governed by state law and the second governed by federal law. Federal law governing federal habeas proceedings, unlike state law governing state habeas proceedings, imposes a one-year limitation period on habeas actions. The state courts' consideration of petitioner's state habeas application does not preclude a finding that his federal habeas application is time barred.

Petitioner did not file his federal habeas corpus petition until May 25, 2016, more than two (2) years after the expiration of the AEDPA deadline on April 7, 2014. Therefore, petitioner's claims, all of which relate to alleged deficiencies prior to or during the guilty plea proceeding and assessment of deferred adjudication probation in 2013, are barred by the AEDPA limitations period. *See* 28 U.S.C. § 2244(d). It is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOEL EUGENE MILLER, JR. be DISMISSED as time barred.

# VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __19th__ day of May 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).